UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ZOOM TAN, LLC,

                Plaintiff,

vs.                         Case No.   2:12-cv-684-FtM-29UAM

HEARTLAND   TANNING,   INC.,   LIGHT
SOURCES, INC.,

                Defendants.
_____

**OPINION AND ORDER**

      This matter comes before the Court on Defendant Light Sources, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint (Doc. #46) filed on June 19, 2013, and Defendant Heartland Tanning, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint (Doc. #47) filed on June 20, 2013.   Plaintiff Zoom Tan, LLC filed Oppositions to the motions (Docs. # 51, 52) on July 3, 2013.

**I.**

      The First Amended Complaint (Doc. #45) alleges the following:

      Plaintiff Zoom Tan, LLC (plaintiff) operates high end tanning salons throughout Florida and New York.   Heartland Tanning, Inc. (Heartland) and Light Sources, Inc. (Light Sources) entered into a joint venture to develop, market, and sell the Heartland Sundazzler (Sundazzler Beds), a line of commercial tanning beds.   Heartland and Light Sources jointly marketed to plaintiff that the Sundazzler Beds were American made, precision engineered, and that the beds would  provide  superior  performance,  outstanding  durability,

unsurpassed comfort, and flawless tanning.   Heartland further

marketed the Sundazzler Beds as follows:

> Drench your customers in vertical bliss!  Powered by 54
> Rave 220 watt lamps, this incredible bronzing system
> delivers immediate color for dazzling results.  Easily
> integrate this tanning booth into your salon with an
> attached dressing room option. Offering value, results
> and profitability in an engineered tanning booth, the
> Sundazzler is your answer for vertical tanning.
>
> X   X   X
>
> Sundazzler.  DAZZLE YOUR CUSTOMERS WITH AMAZING TANNING
> POWER, 54 220W LAMPS, 9 MIN. LAMPS 54 RAVE 220 WATT
> LAMPS.  SESSIONS 9-10 MINUTE.

Plaintiff, relying on these representations, ordered a large

quantity of Sundazzler Beds.  Plaintiff's customers, however, were

generally dissatisfied with the Sundazzler Beds because they were

not getting tan during the nine-minute sessions.  After receiving

complaints from its customers, plaintiff ordered independent

testing that revealed a number of defects with the beds.  Plaintiff

informed Heartland and Light Sources that the Sundazzler Beds

constituted nonconforming goods and demanded that the non-

conformities be remedied, but Heartland and Light Sources failed to

comply.

As a result, plaintiff initiated this action on December 19,

2012.   Plaintiff's First Amended Complaint asserts claims for

breach of contract (Counts I and II), breach of express warranties

(Counts III and IV), breach of implied warranties (Counts V and

VI), and negligent misrepresentation (Counts VII and VIII).  (Doc. #45.)

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level."  Id. at 555.  See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal,

556 U.S. at 678.  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible."  Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 679.

## III.

### A.  Claims Against Light Sources

Plaintiff alleges that Light Sources is liable for the claims asserted in the First Amended Complaint because of its joint venture relationship with Heartland.  Light Sources asserts that the claims against it should be dismissed because plaintiff has failed to adequately allege the existence of a joint venture. (Doc. #46, p. 1.)  The Court agrees.

In order for a joint venture to exist, there must be: (1) a community of interest in the performance of a common purpose; (2) joint control or right of control; (3) a joint proprietary interest in the subject matter; (4) a right to share in the profits; and (5) a duty to share in any losses which may be sustained.  Austin v. Duval Cnty. Sch. Bd., 657 So. 2d 945, 948 (Fla. 1st DCA 1995) (citing Kislak v. Kreedian, 95 So. 2d 510, 515 (Fla. 1957)).  Here, plaintiff alleges that "Heartland and Light Sources entered into a

joint venture for the design, marketing, sales, supply, and servicing of the Sundazzler Beds, which included Light Sources' tanning lamps/bulbs." (Doc. #45, ¶ 11.) Plaintiff follows this assertion with a mere recital of the elements of a joint venture. (Id. ¶ 12.) Such allegations are insufficient to plead the existence of a joint venture. See Fojtasek v. NCL (Bahamas) Ltd., 613 F. Supp. 2d 1351, 1357 (S.D. Fla. 2009). Accordingly, the claims against Light Sources are dismissed without prejudice.

**B.   Count I – Breach of Contract**

In order to plead a claim for breach of contract under Florida law, a plaintiff must assert the existence of a valid contract, a material breach, and damages. Rollins, Inc. v. Butland, 951 So. 2d 860, 876 (Fla. 2d DCA 2006). The allegations in the First Amended Complaint are sufficient to plead the required elements of a breach of contract claim. First, plaintiff alleges that it entered into a contract with Heartland to purchase a large quantity of Sundazzler Beds, which is evidenced by the invoices attached to the Complaint. (Doc. #45, ¶ 24.) Next, plaintiff asserts that it paid the agreed upon consideration for all of the tanning beds, but Heartland breached the contract by providing Sundazzler Beds that did not meet the agreed upon standards. (Id. ¶¶ 25-26.) Finally, plaintiff asserts that is sustained damages including loss of business and money spent repairing the Sundazzler Beds. (Id. ¶ 27.) Because these allegations are sufficient to state a claim for

breach of contract, Heartland's motion to dismiss Count I is denied.

## C.  Count III - Breach of Express Warranty

Heartland contends that plaintiff failed to state a claim for breach of express warranty because the alleged representations amount to nothing more than mere puffery.  (Doc. #47, p. 6.)  An express warranty is "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes a basis of the bargain[.]"  Fla. Stat. § 672.313(1)(a).  However, "an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty."  Fla. Stat. § 672.313(2).  The existence of an express warranty is a factual issue for the jury to decide.  State Farm Ins. Co. v. Nu Prime Roll-A-Way of Miami, 557 So. 2d 107, 109 (Fla. 3d DCA 1990).

Here, plaintiff alleges that Heartland represented that the Sundazzler Beds would include 54 220-watt lamps and would provide complete tanning sessions in 9-10 minutes.  (Doc. #45, ¶¶ 15, 39.) Because these representations could amount to more than an opinion or puffery, plaintiff's allegations are sufficient to survive a motion to dismiss.  See Moss v. Walgreen Co., 765 F. Supp. 2d 1363, 1368 (S.D. Fla. 2011); Doug Connor, Inc. v. Proto-Grind, Inc., 761 So. 2d 426, 429 (Fla. 5th DCA 2000).  Consequently, Heartland's

motion to dismiss Count III of plaintiff's First Amended Complaint is denied.

## D.  Count V – Breach of Implied Warranties

### 1.  Breach of Implied Warranty of Merchantability

Implied in every contract for the sale of goods, unless otherwise excluded, is a warranty that the goods are merchantable- i.e, "fit for the ordinary purpose for which such goods are used"- if the seller is a merchant with respect to goods of that kind. Fla. Stat. § 672.314.  To state a claim for breach of an implied warranty of merchantability, the plaintiff must allege that (1) it was a foreseeable user of the product, (2) the product was used in the intended manner at the time of the injury, (3) the product was defective when transferred from the warrantor, and (4) the defect caused the injury.  Jovine v. Abbott Labs., Inc., 795 F. Supp. 2d 1331, 1340 (S.D. Fla. 2011) (citing Amoroso v. Samuel Friedland Family Enters., 604 So.2d 827, 833 (Fla. 4th DCA 1992)).

Plaintiff alleges that it operates high end tanning salons (Doc. #45, ¶ 7), it used the Sundazzler Beds as tanning beds (Id. ¶ 17), the Sundazzler Beds lacked the power to drive the 220 watt tanning lamps, and the lamps and lamp holders were prematurely wearing out (Id. ¶ 19), and as a result of the defects, plaintiff's customers were terminating their memberships because they were not getting tan (Id. ¶¶ 17-18).  The Court finds that these allegations

are sufficient to state a claim for breach of the implied warranty of merchantability.

**2.    Breach of Implied Warranty of Fitness for a Particular Purpose**

An implied warranty of fitness for a particular purpose arises where a seller has reason to know of a particular purpose for which the goods are required and the buyer relies on the seller's skill or judgment to select or furnish suitable goods.    Fla. Stat. § 672.315.    A "particular purpose" differs from the ordinary purpose in that it envisages a specific use by the buyer which is peculiar to the nature of its business.    See Official Comment 2 to Fla. Stat. § 672.315.

Plaintiff alleges that it relied on Heartland's skill and judgment to select and furnish commercial tanning beds with amazing tanning power.    (Doc. #45, ¶¶ 57-58.)    Plaintiff, however, has failed to allege that it used the Sundazzler Beds for anything other than their ordinary purpose or that its use of the Sundazzler Beds was peculiar to the nature of its business.    As such, plaintiff has failed to state a claim for breach of implied warranty of fitness for a particular purpose.

**E.    Count VII - Negligent Misrepresentation**

To state a claim for negligent misrepresentation, plaintiff must allege: (1) a misrepresentation of material fact; (2) that defendant knew of the misrepresentation, made the representation

without knowledge of its truth or falsity, or should have known the representation was false; (3) that defendant intended to induce another to act on the misrepresentation; and (4) that an injury resulted in justifiable reliance upon the misrepresentation. Atlantic Nat'l Bank of Fla. v. Vest, 480 So. 2d 1328, 1331-32 (Fla. 2d DCA 1985) (citations omitted).  Because a claim for negligent misrepresentation sounds in fraud, it is subject to the heightened pleading standard of Rule 9(b).  Drilling Consultants, Inc. v. First Montauk Sec. Corp., 806 F. Supp. 2d 1228, 1234 (M.D. Fla. 2011) (citations omitted).

"In a complaint subject to Rule 9(b)'s particularity requirement, plaintiffs retain the dual burden of providing sufficient particularity as to the fraud while maintaining a sense of brevity and clarity in the drafting of the claim, in accord with Rule 8." Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1278 (11th Cir. 2006).  "The particularity requirements of Rule 9(b) is satisfied if the complaint alleges 'facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them.'" United States ex rel. Matheny v. Medco Health Solutions, Inc., 671 F.3d 1217, 1222 (11th Cir. 2012) (quoting Hopper v. Solvay Pharm., Inc., 588 F.3d 1318, 1324 (11th Cir. 2009) (citations and internal quotation marks omitted)). "This means the who, what, when[,] where, and how: the first

paragraph of any newspaper story." Garfield v. NDC Health Corp.,
466 F.3d 1255, 1262 (11th Cir. 2006) (citations omitted).

Upon review of the allegations in Count VII, coupled with the
underlying factual allegations, the Court finds that the claim for
negligent misrepresentation is not adequately pled with
specificity. Plaintiff alleges that Heartland and Light Sources
"made false statements regarding the length of the tanning
sessions, the color the customers would get from the use of the
Sundazzler Beds, the watts of power capable of being put out by the
Sundazzler Beds, as well as the quality and lifespan of the Light
Sources lamps/bulbs." (Doc. #45, ¶¶ 69, 77.) Plaintiff has not
identified when the statements were made, how the statements were
communicated, the person who made the statements, or to whom the
statements were made. Based on the foregoing, Count VII must be
dismissed.

Heartland contends that Count VII should be dismissed with
prejudice because any recovery in tort is barred by the economic
loss rule. (Doc. #47, p. 12.) The Court finds that Heartland's
argument is without merit. The Supreme Court of Florida recently
confined the application of the economic loss rule to cases
involving products liability. Tiara Condo Ass'n v. Marsh &
McLennan Cos., 110 So. 3d 399, 407 (Fla. 2013). Because this is
not a products liability case, the economic loss rule cannot serve

as a basis for dismissing plaintiff's claims for negligent misrepresentation with prejudice.

Accordingly, it is now

**ORDERED**:

1.    Defendant Light Sources, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint (Doc. #46) is **GRANTED.** All counts asserted against this defendant are **DISMISSED WITHOUT PREJUDICE.**

2.    Defendant Heartland Tanning, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint (Doc. #47) is **GRANTED** in part and **DENIED** in part. The claims for breach of implied warranty of fitness for a particular purpose and negligent misrepresentation are **DISMISSED WITHOUT PREJUDICE.** The motion is otherwise **DENIED.**

3.    Plaintiff may file a second amended complaint **WITHIN TWENTY ONE (21) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __21st__ day of October, 2013.



_____

JOHN E. STEELE
United States District Judge


Copies: Counsel of record